THE STATE EX REL. BYRD, APPELLANT, *v.* AMERICAN
STANDARD, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Byrd v. Am. Std., Inc.* (1997), 78 Ohio St.3d 504.]

(No. 95–4—Submitted March 4, 1997—Decided June 4, 1997.)

*Casper & Casper* and *Douglas W. Casper,* for appellant.

*Taft, Stettinius & Hollister* and *Charles M. Stephan,* for appellee American Standard, Inc.

*Betty D. Montgomery,* Attorney General, and *Debra J. Randman,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Per Curiam.* Compliance with *Noll* is once again the central question at bar. The parties do not seriously dispute the sufficiency of the commission's medical analysis, presumably because there is nothing to attack. The reports of Drs. Holbrook and Dillahunt are some evidence supporting the claimant's ability to do sedentary work. Resolution thus turns on the adequacy of the commission's analysis of nonmedical factors. Upon review, we find that the order does not satisfy *Noll* and accordingly reverse the court of appeals.

Claimant's nonallowed conditions undoubtedly prevent claimant from ever returning to the work force. These conditions, however, do not foreclose a finding of permanent total disability attributed to the allowed conditions. Clearly, a claimant cannot *combine* the allowed and nonallowed conditions to establish permanent total disability. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265. Where the allowed conditions, on the other hand, are *independently* disabling, they do not preclude compensation. As stated in *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 457–458, 619 N.E.2d 1018, 1022:

"A claimant whose allowed conditions, either alone or together with nonmedical factors, prevent sustained remunerative employment should not be penalized in a permanent total disability determination simply because he or she is unfortunate enough to have other health problems. We, therefore, find that the mere presence of nonallowed disabling conditions does not automatically foreclose a finding of permanent total disability."

Since nonallowed conditions do not preclude permanent total disability, they do not excuse the commission from fully reviewing permanent total disability, including an analysis of nonmedical factors. In this case, the commission indeed examined claimant's nonmedical factors, but its review is deficient in several respects. The most apparent flaw is its failure to include claimant's education in its discussion of nonmedical factors. However, even among those factors that it did address, its analysis is incomplete.

The commission stated that claimant's "work experience as a foreman and supervisor is a vocation[al] asset." This would be a defensible conclusion *if* claimant's supervisory experience yielded skills that were transferable to the sedentary work to which claimant is restricted. Unfortunately, this is not clear from the nature of claimant's former work, and the commission has failed to elaborate.

Claimant worked as an assembler and spot-welder for Mosler Safe. He later became a supervisor. If claimant's supervisory tenure entailed more white collar administrative and personnel responsibilities, claimant may well have developed skills transferable to sedentary work. However, if the supervisor/foreman title simply designated the senior person on a hands-on project, transferable skills may not exist. Thus, the commission must further explain its reasoning.

The commission's treatment of claimant's age is also problematic. It invites scrutiny not because his age was viewed favorably, but because of the reason given by the commission for so finding. Claimant's age was viewed positively because at age fifty-seven, claimant was "still eight years from retirement age." From this springs the inference that if claimant were of retirement age, his age would be deemed an employment obstacle.

The difficulty with this reasoning is that in today's workplace, retirement age is a more nebulous concept than it once was. With the advent of corporate restructuring, employees have been encouraged as never before to leave the workplace early. Retirement by workers who are only in their fifties is now commonplace. Thus, the commission's statement that claimant is outside retirement age is not completely accurate, and, as such, cannot stand as the sole basis for viewing age favorably.

We therefore find that the requirements of *Noll* have not been met and order the commission to give further consideration to claimant's motion. Claimant's request for relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, is rejected pursuant to *State ex rel. Hanna v. Indus. Comm.* (1994), 69 Ohio St.3d 120, 630 N.E.2d 693. There, we found that the existence of nonallowed conditions made *Gay* relief inappropriate. The same result is dictated here.

The judgment of the court of appeals is hereby reversed, and the commission is ordered to give further consideration to claimant's motion and issue an amended order.

*Judgment reversed*
*and limited writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

LUNDBERG STRATTON, J., dissenting. While I have great sympathy for the claimant's myriad of problems, nevertheless, all reports conclude that his *allowed conditions* do not prevent the claimant from engaging in sedentary work. His age is adequately explained. Because the commission's order and conclusions were supported by "some evidence," which is our proper standard of review, I would affirm the court of appeals.