THE STATE EX REL. WILSON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Wilson v. Indus. Comm.*
(1997), 80 Ohio St.3d 250.]

(No. 95–962—Submitted October 8, 1997—Decided November 12, 1997.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee.

---

***Per Curiam.*** Claimant contests the validity of the commission's order and asserts a right to permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we reject claimant's challenge and affirm the judgment of the court of appeals.

The commission confines itself to Dr. Reynolds's report with respect to claimant's allowed conditions. Dr. Reynolds assessed a low, twenty percent permanent partial impairment and found claimant capable of sedentary and light work. There is thus "some evidence" of a medical ability by claimant to perform sustained remunerative employment.

In its nonmedical analysis, the commission, mentioning claimant's relatively young age, concentrated on future rather than current skills. This is the proper focus for such an analysis. As the Franklin County Court of Appeals wrote in an earlier decision, the relevant vocational inquiry is "whether the claimant may return to the job market by using past employment skills or those skills which may be reasonably developed." *State ex rel. Speelman v. Indus. Comm.* (1992), 73 Ohio App.3d 757, 762, 598 N.E.2d 192, 195.

The commission found that claimant's age afforded him the opportunity to improve the educational deficits on which he so heavily relies in asserting that he is incapable of sustained remunerative employment. Reduction or elimination of these deficits, in turn, would facilitate the acquisition of new skills. We not only sustain the commission's reasoning, but feel compelled to add an observation of our own.

Not only does claimant have the opportunity to improve his reemployment potential, he has had this opportunity for the sixteen years he has not worked since his injury. Despite the fact that claimant was only age thirty-seven when injured, there is no evidence that claimant ever made an effort to pursue remedial education or obtain his G.E.D. The record does reflect that claimant did not respond when contacted by the commission's Rehabilitation Division about establishing a rehabilitation plan.

We view permanent total disability compensation as compensation of last resort, to be awarded only when all reasonable avenues of accomplishing a return to sustained remunerative employment have failed. Thus, it is not unreasonable to expect a claimant to participate in return-to-work efforts to the best of his or her abilities or to take the initiative to improve reemployment potential. While extenuating circumstances can excuse a claimant's nonparticipation in reeducation

or retraining efforts, claimants should no longer assume that a participatory role, or lack thereof, will go unscrutinized.

For the reasons stated above, we find that the commission did not abuse its discretion in denying claimant permanent total disability compensation, and, accordingly, affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.