OPINION
Robert Ramsey filed this action in mandamus seeking a writ which compels the Industrial Commission to vacate its order denying him permanent total disability ("PTD") compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Mr. Ramsey has filed objections to the magistrate's decision. Counsel for the commission has filed a response to the objections. The case is now before the court for a full, independent review.
This is the second application for PTD compensation filed by Robert Ramsey after he was seriously injured in a fall at Bob-Boyd Lincoln Mercury, Inc. As currently as January of 1997, Mr. Ramsey submitted himself to a series of evaluations at the J. Leonard Camera Rehabilitation Center. Several of the evaluations concluded that Mr. Ramsey's prospects for future employment were not good.
In State ex rel. Wilson v. Indus. Comm. (1997), 80 Ohio St.3d 250, the Supreme Court of Ohio held that the failure of an injured "*** claimant to participate in return-to-work efforts to the best of his or her abilities or to take the initiative to improve reemployment potential ***" is a failure the commission can consider as a negative factor in deciding whether the claimant is entitled to PTD compensation. The Supreme Court also noted, "* * * [w]hile extenuating circumstances can excuse a claimant's nonparticipation in reeducation or retraining efforts, claimants should no longer assume that a participatory role, or lack thereof, will go unscrutinized." Id. at 253-254.
The staff hearing officer who heard Mr. Ramsey's case did not appear to give any weight to Mr. Ramsey's efforts at rehabilitation. Instead, the staff hearing officer apparently relied solely upon "the objective medical findings of an unbiased examiner."
We do not believe that reeducation and retraining efforts can only be used as a means to punish injured workers on those occasions when a hearing officer feels that the injured worker has failed to exercise his or her best efforts at rehabilitation. The situation where an injured workers has made serious efforts at rehabilitation but has not succeeded should be considered as a factor in favor of granting PTD compensation, especially where, as here, the Bureau of Workers' Compensation's own reports demonstrated a failure to be rehabilitated despite the injured worker's best efforts. Since the record before us indicates that the staff hearing officer did not give appropriate weight to Mr. Ramsey's unsuccessful rehabilitation efforts and the reports from the J. Leonard Camera Rehabilitation Center, a writ of mandamus shall issue.
The order from the staff hearing officer reflects a related flaw, the failure to consider vocational information available in the file. We still believe that the better course of action would be for the commission to list all the reports considered, not just the reports relied upon. Such listing of reports would enable the courts to be assured that all the reports were considered and would avoid the temptation a hearing officer might feel to pick out only the reports of commission specialists for review. Such a temptation would be understandable, given the sheer volume of applications to be considered. However, injured workers whose livelihood depends upon the findings of the commission deserve a thorough review, not just a quick review.
For us, State ex rel. Fultz v. Indus. Comm. (1994),69 Ohio St.3d 327, was a step in the right direction. Where reports in the file could be determinative, the commission must reflect a review of those reports in the order granting or denying PTD compensation. The order denying PTD compensation for Mr. Ramsey does not reflect consideration of the vocational reports, but seems to rely almost completely on "the objective medical findings of an unbiased examiner," as noted above. Thus, we find that neither the spirit nor the letter of Fultz was honored here.
As a result, we sustain the objections to the magistrate's decision. We adopt the findings of fact contained in the magistrate's decision, but not the conclusions of law. As a result, we grant a writ of mandamus which compels the commission to vacate its orders in regard to the second application for PTD compensation; which compels the commission to conduct further proceedings on the application; and which compels the commission to enter a new order which reflects appropriate consideration of the vocational reports and findings in regard to Mr. Ramsey.
Objections sustained; writ granted.
KENNEDY, J., concurs and PETREE, J., dissents.