[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 261.]

THE STATE EX REL. CUNNINGHAM, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. Cunningham v. Indus. Comm*., 2001-Ohio-35.]

*Workers' compensation—Industrial Commission's denial of application for*
*permanent total disability compensation not an abuse of discretion when*
*supported by "some evidence"—Mandamus sought to compel commission*
*to vacate order and to enter an order granting compensation—Denial of*
*writ by court of appeals affirmed.*

(No. 99-1933—Submitted March 14, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1290.

————————————

*Per Curiam.*

{¶ 1} Howard Cunningham, appellant, seeks a writ of mandamus to compel the Industrial Commission of Ohio, appellee, to vacate its order denying his application for permanent total disability compensation ("PTD") and to enter an order granting this compensation. The Court of Appeals for Franklin County denied the writ, finding that the commission's order was supported by some evidence and, therefore, not an abuse of discretion. On Cunningham's appeal as of right, we affirm.

{¶ 2} Cunningham injured his back in 1982 while working as a pumper for a petroleum company. After that, Cunningham stopped working. He was only fifty-one years old at the time, he was physically able to perform sedentary tasks, and despite having only an eighth grade education, he had accumulated a variety of work experiences, including operating his own service station.

{¶ 3} In 1995, almost twelve years later, Cunningham applied for PTD, alleging that he was unable to perform any type of sustained remunerative

employment. The commission denied him PTD because he had made no effort to vocationally rehabilitate himself during the many years that he did not work after his industrial injury. Cunningham does not dispute that he did not try to improve his potential for reemployment; he argues only that the commission abused its discretion in expecting him to make the effort before his condition was diagnosed as permanent.

{¶ 4} We disagree. PTD is a compensation "of last resort, to be awarded only when all reasonable avenues of accomplishing a return to sustained remunerative employment have failed." *State ex rel. Wilson v. Indus. Comm.* (1997), 80 Ohio St.3d 250, 253, 685 N.E.2d 774, 777. In *Wilson*, as here, the claimant's age, relatively low medical impairment, capacity to learn, and varied work experience made him a prime candidate for rehabilitation and reentry into the workforce. But also like Cunningham, that claimant did nothing to rehabilitate himself vocationally for many years and then applied for PTD, representing that he was unemployable. We found no abuse of discretion in the commission's denial of PTD for that claimant, explaining:

"[I]t is not unreasonable to expect a claimant to participate in return-to-work efforts to the best of his or her abilities or to take the initiative to improve reemployment potential. While extenuating circumstances can excuse a claimant's nonparticipation in reeducation or retraining efforts, claimants should no longer assume that a participatory role, or lack thereof, will go unscrutinized." *Wilson*, 80 Ohio St.3d at 253-254, 685 N.E.2d at 777.

{¶ 5} The court of appeals found no extenuating circumstances to excuse Cunningham's failure even to attempt vocational rehabilitation, and we concur. Accordingly, the judgment to deny Cunningham a writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

2

RESNICK, J., dissents.

————————————

*Law Office of Thomas Tootle* and *Thomas Tootle*, for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis H. Behm*, Assistant Attorney General, for appellee.

————————————