[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Relator, Walter Pritchard, filed an original action in this court requesting that we issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation on the basis that the commission's order does not comply with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. Relator also requested that we order the commission to issue a new order either granting or denying the requested compensation in accordance with law.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, the action was referred to a magistrate of this court who on September 13, 2002, issued a decision containing findings of fact and conclusions of law with the recommendation that we deny the writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator concedes that the magistrate has set forth the facts of the case accurately but objects to a magistrate's conclusion of law in which she found the commission's nonmedical explanation to be consistent with the requirements of Noll, supra.
 {¶ 4} Relator argues that this case is identical to State ex rel. Byrd v. Am. Std., Inc. (1997), 78 Ohio St.3d 504, as in both cases, the commission's sole reason for finding age to be an asset was that the claimant had yet to reach the typical retirement age. In the Byrd case, the supreme court found the explanation to constitute an abuse of discretion.
 {¶ 5} We overrule the objection of relator and adopt the report of the magistrate. Contrary to relator's argument, age was not considered in isolation. The commission considered relator's age of 54 to be a slightly positive factor, but the commission did not find that relator could obtain sedentary employment simply because of the slightly positive age factor. Relator was age 54 with a ninth grade education and a positive work history albeit, as a truck driver rather than doing sedentary work. He was found to be able to perform the following jobs: "Stuffer," "Inspector," "Ticket Checker," "Charter," "Sorter," and "Preparer." In the employability assessment report prepared by Christy L. Vogelsang, M.Ed., CRC, CMC, Vogelsang opined that relator's work history indicated ability to sustain adequate performance to maintain employment in one setting over an extended period of time. She further indicated that relator demonstrated academic skills sufficient for sedentary work in his prior jobs. The staff hearing officer found that this reliability, coupled with claimant's maturity, more than offset his educational deficit and enabled him to be an attractive candidate to successfully perform the types of jobs listed by Vogelsang.
 {¶ 6} Having performed only one job for many years may be viewed as an asset because it demonstrates that claimant is steady and dependable. See State ex rel. Ewart v. Indus. Comm. (1996),76 Ohio St.3d 139.
 {¶ 7} For the reasons set forth in the magistrate's report, we overrule relator's objections and adopt the report of the magistrate as written.
 {¶ 8} The writ of mandamus is denied.
Writ denied; objections overruled.
BOWMAN and KLATT, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 DECISION IN MANDAMUS {¶ 9} Relator, Walter Pritchard, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation on the basis that the commission's order does not comply with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and ordering the commission to issue a new order, either granting or denying the requested compensation, in accordance with law.
Findings of Fact:
 {¶ 10} 1. Relator sustained a work-related injury on January 24, 1997, and his claim has been allowed for: "abrasion bilateral legs; cervical sprain and lumbar sprain; L4-5 herniated disc."
 {¶ 11} 2. Relator returned to work following his injury; however, his condition worsened and he ultimately underwent surgery in December 1988. Relator last worked in February 2000.
 {¶ 12} 3. On November 2, 2000, relator filed an application for PTD benefits. On his application, relator noted that he could read, write and do basic math, of the latter two he indicated he could not do well.
 {¶ 13} 4. Relator's application was supported by the October 11, 2000 report of Dr. Kevin B. Lake who opined that relator was permanently and totally disabled from any type of remunerative employment as a result of the allowed conditions in the claim.
 {¶ 14} 5. An independent medical examination was performed by Dr. Robert Turner who issued a report dated April 19, 2001. Dr. Turner opined that relator had reached maximum medical improvement and assessed a 15 percent permanent partial impairment. Dr. Turner indicated that relator would be capable of performing sedentary work.
 {¶ 15} 6. An employability assessment report was prepared by Christy L. Vogelsang, M.Ed., CRC, CMC, and dated May 18, 2001. Based upon the report of Dr. Lake, Ms. Vogelsang indicated that there were no jobs relator could perform. However, based upon the report of Dr. Turner, Ms. Vogelsang concluded that relator could perform the following jobs: "Stuffer," "Inspector," "Ticket Checker," "Charter," "Sorter" and "Preparer." Ms. Vogelsang indicated that relator's age was a positive factor, that his ninth grade education with no GED was a negative factor, and that his work history was a positive factor. Ms. Vogelsang indicated that relator's work history indicated an ability to sustain adequate performance to maintain employment in one setting over an extended period of time. She indicated further that relator demonstrated academic skills sufficient for sedentary work in his prior jobs.
 {¶ 16} 7. Relator's application was heard before a staff hearing officer ("SHO") on July 24, 2001. The SHO relied upon the medical report of Dr. Turner and concluded that relator was capable of performing sedentary work. With regard to the nonmedical disability factors, the SHO noted as follows:
 {¶ 17} "Claimant's age of 54 is deemed a slightly positive asset in that it allows him to offer approximately 10 years of productive work life to a prospective employer. His 9th grade education however is a handicap in that it is insufficient for the more intellectually demanding sedentary jobs in the clerical field. However in that none of the jobs listed fall within that area, it does not necessarily disqualify claimant from the more simple item-handling ones listed. Claimant's work experience is his most significant asset. His work as a truck driver and janitor were essentially unskilled and left him with no transferable job skill, nevertheless the 23 years of steady public employment indicate a hard-working reliable person who is capable of following established procedures and rendering faithful service. Such reliability, coupled with claimant's maturity, is found to more than offset his educational defect and enables him to be an attractive candidate to successfully perform the types of assembly/inspection/sorting/etc. types of jobs listed.
 {¶ 18} "Accordingly claimant is found not to be removed from all remunerative employment, and is held not to be PTD."
 {¶ 19} 8. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. Noll, supra.
 {¶ 22} Relator contends that the commission's analysis of the nonmedical disability factors constitutes an abuse of discretion because the commission failed to provide an adequate explanation of how those factors enable him to engage in sustained remunerative employment. Specifically, relator contends that the commission abused its discretion by characterizing his age as a positive factor based upon the explanation that relator would have approximately ten years of productive work life to offer a perspective employer. Relator contends that this is contrary to the Ohio Supreme Court's holding in State ex rel. Byrd v. Am. Std., Inc. (1997), 78 Ohio St.3d 504. Relator also contends that the commission abused its discretion by finding that his education was insufficient for clerical work and that his education does not necessarily prevent him from performing item-handling work of a sedentary nature. Relator contends that these assertions must be explained. Lastly, relator contends that the commission's determination that his prior work history was a positive factor constitutes an abuse of discretion. For the reasons that follow, this magistrate disagrees.
 {¶ 23} In Byrd, the commission had denied the claimant's request for PTD compensation. The claimant filed a mandamus action and the court concluded that the commission's order violated Noll. The court found that the commission's review of the nonmedical factors was deficient in several respects. Most importantly, the court noted that the commission failed to include the claimant's education in its discussion of the nonmedical factors. Further, the court also concluded that the commission's analysis of the other nonmedical factors was incomplete. Specifically, the commission had noted that the claimant's prior work experience as a foreman and supervisor was a vocational asset. However, the court found that it was unclear from the nature of the claimant's former work whether he actually had any skills which would be transferable to sedentary work or not. Based upon the claimant's work as an assembler and spot-welder, the court noted that the claimant's title as supervisor/foreman may simply have designated him as the senior person on the job and that no transferable skills would exist. The court also concluded that the commission's treatment of claimant's age was problematic. The commission had noted that, at age 57, the claimant was still eight years from retirement age. The court noted that, in today's workplace, retirement age is a more nebulous concept than it once was and that, with the advent of corporate restructuring, employees are being encouraged to leave the workplace early. As such, the court concluded that the commission's statement that claimant was outside retirement age was not completely accurate and could not stand as the sole basis for reviewing age favorably.
 {¶ 24} Pursuant to R.C. 4121-3-34(B)(3)(a)(ii), at 54 years of age, relator is considered a person of middle age. In addressing relator's age, the commission noted that it was deemed to be a slightly positive asset because his age would allow him to offer a perspective employer approximately ten years of productive work. Furthermore, after finding that relator's work history was a very positive asset, the commission noted that his demonstrated reliability at his prior job, coupled with his maturity, offset his educational deficits. Clearly, the commission noted that his age of 54 plus his stable work history was a positive factor. Unlike the situation in Byrd, the commission did not consider relator's age in isolation. Furthermore, it must be remembered that in Byrd, the court found that the commission's entire analysis of the nonmedical disability factors was insufficient and that the commission completely neglected to mention and consider the claimant's education. In the present case, those concerns simply do not apply.
 {¶ 25} Relator also contends that the commission abused its discretion in its treatment of his educational background. Relator contends that the commission's conclusion that his education was insufficient for clerical work but sufficient to allow him to perform item-handling work of a sedentary nature needs to be explained. This magistrate disagrees. As the exclusive evaluator of disability, the commission is considered an expert. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece, supra. It is presumed that the commission would be aware of what education a claimant needs to have in order to perform certain jobs. This magistrate finds the commission's statement that relator's ninth grade education, failure to obtain a GED, as well as his ability to read, write and perform basic math (although the latter two not well) is not sufficient, in today's labor market, to perform clerical work is the type of conclusion one would expect the commission to render. Likewise, concluding that the same education would be sufficient for entry-level, item-handling work of a sedentary nature is also a conclusion one would expect the commission to have the expertise to make. Furthermore, in her employability assess-ment report, Ms. Vogelsang noted that relator's education was sufficient for certain entry-level work and specifically noted several jobs which she concluded relator could perform. In fact, Ms. Vogelsang did not list any clerical jobs for relator and instead, listed other entry-level type sedentary jobs which the commission concluded were within his educational abilities. Given its further reliance upon the employability assessment of Ms. Vogelsang, the commission's treatment of his education does not constitute an abuse of discretion as relator implies.
 {¶ 26} Lastly, relator contends that the commission abused its discretion by finding that his work history is his most significant asset. Relator contends that his past jobs were unskilled and that he has no transferable skills to sedentary work. However, the commission specifically noted that relator did not have any transferable skills. However, the commission noted that relator had been steadily employed for 23 years and that this employment indicated that he was a hard working, reliable person who is capable of following established procedures and rendering faithful service. In conjunction with relator's age, the commission concluded that a potential employer would see this as a positive factor. Having performed only one job for many years may be viewed as an asset because it demonstrates that claimant is steady and dependable. See State ex rel. Ewart v. Indus. Comm. (1996),76 Ohio St.3d 139.
 {¶ 27} The commission did consider and address relator's nonmedical disability factors in conjunction with each other and concluded that relator presented a positive picture overall. As such, the commission concluded that there was some sustained remunerative employment which relator could perform and that he was not entitled to an award of PTD compensation. Permanent total disability is a compensation of last resort, to be awarded only when all reasonable avenues of accomplishing a return to sustained remunerative employment have failed. See State ex rel. Wilson v. Indus. Comm. (1997), 80 Ohio St.3d 250, and State ex rel. Cunningham v. Indus. Comm. (2001), 91 Ohio St.3d 261.
 {¶ 28} In the present case, this magistrate concludes that relator has not demonstrated that the commission abused its discretion.
 {¶ 29} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.