DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, J.C. Penney Co., Inc. ("relator"), commenced this original action in mandamus requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting permanent total disability ("PTD") compensation to respondent, Maryjo L. Bluesilver ("claimant"), and ordering the commission to issue an order finding that claimant is not entitled to said compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus be denied. Relator filed objections to the magistrate's decision.
 {¶ 3} In its objections, relator first argues the magistrate erred in finding that the record does not support that claimant failed to take the initiative to improve her re-employment potential. Relator also argues the magistrate erred and the commission abused its discretion in relying upon the report of Dr. Zvirbulis.
 {¶ 4} The record indicates the commission found that claimant took initiative to improve her re-employment potential. The commission further states that the report by Dr. Zvirbulis was reliable and credible evidence to support their decision. This is a factual determination not to be disturbed on appeal as "[t]he commission alone shall be responsible for the evaluation of the weight and credibility of the evidence before it." State ex rel.Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 20-21.
 {¶ 5} After careful review of the record we have determined that the relator has failed to raise any issues that have not been addressed by the magistrate. Relator simply restates the arguments made in its merit brief.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate properly determined the facts and applied the salient law to them. Accordingly, we adopt the magistrate's findings of fact and conclusions of law as if they were our own. In accordance with the magistrate's decision, the requested writ of mandamus is denied
Objections overruled; writ of mandamus denied.
 Bowman and Sadler, JJ., concur. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : J.C. Penney Co., Inc., : Relator, : v. : No. 03AP-450 Industrial Commission of Ohio, : (REGULAR CALENDAR) James Conrad, Administrator, Bureau : of Workers' Compensation and : Maryjo L. Bluesilver, : Respondents. :
 Rendered on November 13, 2003 Schottenstein, Zox Dunn, and Patrick A. Devine, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
Calhoun, Kademenos, Heichel, Childress Spon, LPA, andChristopher S. Clark, for respondent Maryjo L. Bluesilver.
 MAGISTRATE'S DECISION
IN MANDAMUS
 {¶ 7} Relator, J.C. Penney Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Maryjo L. Bluesilver ("claimant") and ordering the commission to issue an order finding that claimant is not entitled to said compensation.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on September 30, 1989, and her claim has been allowed for: "strain and sprain lower extremities; low back strain; post traumatic stress disorder and adjustment disorder with depression."
 {¶ 9} 2. On November 7, 2001, claimant filed an application for PTD compensation. Claimant was 46 years of age at the time she filed her application, had a tenth grade education, received her GED, could read, but not well, and do basic math, and her prior work experience had been as a police officer and a security guard.
 {¶ 10} 3. At the request of the commission for her psychiatric conditions, claimant was examined by Jacob Zvirbulis, M.D. Dr. Zvirbulis opined that claimant suffers from post traumatic stress disorder, concluded that she had reached maximum medical improvement ("MMI"), and concluded that she was 100 percent impaired as a result of her psychiatric conditions.
 {¶ 11} 4. At the request of relator, claimant was examined by C.A.N. Rao, M.D., in 1994 and again in March 2000. Specifically, in 1994, Dr. Rao recommended that claimant be treated by a psychiatrist and recommended further psychological testing. In 2000, Dr. Rao noted that claimant's conditions had worsened since 1994 and he strongly recommended that she receive counseling and medications from a psychiatrist. He opined that she had a 15 percent impairment due to her allowed psychiatric conditions.
 {¶ 12} 5. Dr. Zvirbulis was deposed and his deposition is contained in the record at pages 39 through 71. Dr. Zvirbulis noted that claimant had received counseling, psychotherapy and antidepressant medications by her treating physician Kathleen J. Dunckel, M.D., a general practitioner. Dr. Zvirbulis also noted that claimant had been evaluated by Eric Andrews, Ph.D., and James C. Emerson, M.A., with regard to her psychological conditions. When asked questions regarding claimant's treatment for her allowed psychological conditions, Dr. Zvirbulis testified that a general practitioner can provide adequate psychiatric/psychological treatment for a patient.
 {¶ 13} 6. Claimant's application was heard before a staff hearing officer ("SHO") on February 11, 2003, and resulted in an order granting her PTD compensation based upon the May 31, 2002 report of Dr. Zvirbulis. As such, the commission found that relator was permanently and totally disabled due to her allowed psychological conditions. Regarding relator's argument that PTD compensation should be denied because claimant has failed to seek psychiatric treatment, the commission noted that there was no evidence in the record that claimant's condition would improve if she received psychiatric care.
 {¶ 14} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 16} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 17} Relator contends that PTD compensation should be denied because claimant has not received psychiatric treatment. Instead, claimant has only treated with her family doctor which relator believes is inadequate.
 {¶ 18} Relator cites State ex rel. Wilson v. Indus. Comm.
(1997), 80 Ohio St.3d 250, 253-254, wherein the court stated as follows:
We view permanent total disability compensation as compensation of last resort, to be awarded only when all reasonable avenues of accomplishing a return to sustained remunerative employment have failed. Thus, it is not unreasonable to expect a claimant to participate in return-to-work efforts to the best of his or her abilities or to take the initiative to improve reemployment potential. While extenuating circumstances can excuse a claimant's nonparticipation in reeducation or retraining efforts, claimants should no longer assume that a participatory rule, or lack thereof, will go unscrutinized.
 {¶ 19} Contrary to relator's assertions, the record indicates that claimant has received treatment for her psychological conditions. Relator appears to be arguing that, in its opinion, claimant has not received "appropriate" treatment for her psychological conditions.
 {¶ 20} While the court in Wilson indicates that claimants are expected to participate in return-to-work efforts to the best of their ability, or to take the initiative to improve their reemployment potential, the record in the present case does not support a finding that claimant has failed to do so.
 {¶ 21} In his deposition testimony, Dr. Zvirbulis, who examined claimant on behalf of the commission, stated that a patient can receive adequate treatment for psychological conditions from a general practitioner. Dr. Zvirbulis further stated that the general practitioner can provide adequate psychological counseling as well as medications to benefit a patient. In the present case, the record indicates that claimant treated with her family physician, Dr. Dunckel, for her allowed psychological conditions. Relator would have this court make a decision whether or not the claimant's chosen course of treatment was appropriate. That is not the role of this court. As such, relator's argument that claimant's application should be denied based upon the fact that she has not received appropriate treatment is not well-taken and is overruled.
 {¶ 22} Relator also contends that the commission abused its discretion by relying upon the report of Dr. Zvirbulis as that report is contradictory. It is undisputed that equivocal medical opinions do not constitute some evidence upon which the commission can rely. State ex rel. Eberhardt v. Flxible Corp.
(1994), 70 Ohio St.3d 649.
 {¶ 23} Relator contends that Dr. Zvirbulis' diagnostic impressions contradict his ultimate conclusion. Specifically, relator contends that Dr. Zvirbulis rated claimant with a score of 60 which is indicative of moderate symptoms or moderate difficulty in social, occupational, or educational functioning.
 {¶ 24} Relator took the opportunity to depose Dr. Zvirbulis and had the opportunity to inquire as to his report and his ultimate opinion regarding claimant's level of functioning and whether she was permanently and totally disabled due to the psychological conditions. Dr. Zvirbulis continued to maintain that, due to her allowed psychological condition of post traumatic stress disorder, claimant was incapable of performing any sustained remunerative employment. As a result, this magistrate concludes that Dr. Zvirbulis' report and opinion are not equivocal, but, instead, remained consistent throughout and that his report constitutes some evidence upon which the commission could rely in granting claimant's application for PTD compensation.
 {¶ 25} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting claimant PTD compensation and relator's request for a writ of mandamus should be denied.
 /S/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE