DECISION ON OBJECTION TO MAGISTRATE'S DECISION
{¶ 1} Relator, Kathryn McCoy, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying compensation for permanent total disability and to give further consideration to permanent total disability compensation under the appropriate legal standards.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate concluded the commission did not abuse its discretion in denying relator's application for permanent total disability compensation, as the commission's decision is supported by some evidence. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator has filed an objection to the magistrate's conclusions of law, largely rearguing those matters adequately addressed in the magistrate's decision. Specifically, relator notes the reports of Drs. Marzella, Tosi and Querry that were submitted in support of relator's application for permanent total disability compensation. As the magistrate noted, however, the commission was not required to rely on those reports, but, instead in its discretion relied on the report of Dr. Litvak who opined that relator could return to her former position of employment or to other employment.
 {¶ 4} In response, relator notes that Dr. Litvak also found a certain amount of emotional upset in relator, and relator contends that upset hinders her ability to adapt to new situations and people. While relator disagrees with Dr. Litvak's conclusion, the commission may choose those experts on which it will rely. Because the commission found Dr. Litvak's report more persuasive, as it properly could, it could view relator's vocational capacity in light of that report. For the foregoing reasons, as well as those set forth in the magistrate's decision, relator's objection is overruled.
 {¶ 5} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objection overruled; writ denied.
Lazarus, P.J., and Petree J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Kathryn McCoy, : Relator, : v. : No. 03AP-886 Industrial Commission of Ohio and : (REGULAR CALENDAR) Columbus Developmental Center, : Respondents. :
 MAGISTRATE'S DECISION Rendered on February 24, 2004 Law Offices of Thomas Tootle Co., L.P.A., and ThomasTootle, for relator.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 6} In this original action in mandamus, relator, Kathryn McCoy, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying compensation for permanent total disability ("PTD") and to give further consideration to PTD under the appropriate legal standards.
Findings of Fact:
 {¶ 7} 1. In 1974, Kathryn McCoy ("claimant") sustained an industrial injury, and her workers' compensation claim was allowed for conditions of the left shoulder and arm, right side of face, and aggravation of pre-existing depressive disorder.
 {¶ 8} 2. In 1982, a claim was allowed for conditions of the lumbar and lumbosacral spine, mild anxiety neurosis, and aggravation of pre-existing depressive disorder.
 {¶ 9} 3. In November 2001, claimant filed a PTD application with reports from Wesley F. Hard, M.D., and J. Nick Marzella, Ph.D.
 {¶ 10} 4. In February 2002, claimant was examined on behalf of the commission by Ronald Litvak, M.D., who concluded that the level of psychiatric impairment would not preclude occupational activity. Dr. Litvak opined that, with respect to the allowed psychiatric disorders, claimant could return to her former positions of employment or to other employment.
 {¶ 11} 5. In February 2002, claimant was examined by R. Earl Bartley, M.D., who found no upper-extremity radiculopathy but noted bilateral lower-extremity radiculopathy. Dr. Bartley estimated a ten percent impairment based on the lumbosacral spine and four percent based on the left upper extremity, for a total of 14 percent impairment. He concluded that claimant was capable of sedentary employment.
 {¶ 12} 6. The record also includes psychological reports from Donald J. Tosi, Ph.D., and Mark Querry, Ph.D.
 {¶ 13} 7. In April 2002, Beal D. Lowe, Ph.D., opined that claimant's medical and vocational factors rendered her permanently and totally disabled.
 {¶ 14} 8. In May 2002, claimant's PTD application was heard, resulting in a denial of compensation. With respect to the medical factors, the hearing officer concluded that claimant was capable of sedentary employment, based on the opinions of Drs. Litvak and Bartley. With respect to the nonmedical factors, the commission explained as follows:
The claimant is now age 65. When she last worked she was 53 years old. Therefore, the claimant has gone 12 years without working. The claimant has never sought rehabilitation or other work. When questioned at hearing as to why she hasn't tried to do anything she had no explanation.
As was stated by the Supreme Court in State ex rel.Bowling v. Nath. [sic] Can Corp. (1996) 77 OH St.3d 148,
"The commission-as do we-demands a certain accountability of this claimant, who, despite the time and medical ability to do so, never tried to further his education or to learn new skills. There was certainly ample opportunity. At least fifteen years passed between the plant closure and claimant's application for permanent total disability compensation, and claimant was only age forty-seven when [t]he plant shut down."
Also, as stated in State ex rel. Moss v. IndustrialCommission (1996) 75 OH.ST 3d 414,
"Workers' compensation benefits, however, were never intended to compensate claimants for simply growing old" and "there is not an age-ever-at which reemployment is held to be a virtual impossibility as a matter of law".
In conclusion, the Staff Hearing Officer finds that the claimant's age is no bar to the claimant's reemployment.
The claim[ant] has a 10th grade education. On her PTD application she stated that she can read, write, and [d]o basic math. When questioned at hearing she admitted to being able to do the basics. Therefore, the Staff Hearing Officer finds that claimant's educational background is sufficient to enable her to obtain entry level sedentary work.
The claimant worked for 23 years as a Therapeutic Program Worker which required her to do things such as teaching personal hygiene, bed making skills, dressing and feeding for residents. She also worked for four years as a food service clerk running a register, serving food, and doing other such activities. She also worked for 2 years on a food line running a pellet machine and also collecting dirty dishes from rooms and taking them to the kitchen to be washed.
The claimant performed a variety of tasks that showed she was adaptable to new situations and was able to interact with people. The Staff Hearing Officer therefore finds that the claimant's work history does not at all interfer[e] with her ability to obtain entry level sedentary work.
In conclusion, the Staff Hearing Officer finds that considering both impairment and disability factors, the claimant is able to obtain entry level sustained remunerative employment and is not PTD.
Conclusions of Law:
 {¶ 15} Claimant contends that the commission abused its discretion in denying PTD compensation. The issue before the commission was claimant's ability to do any sustained remunerative employment, considering her medical impairments as well as her age, education, work record, and other relevant nonmedical factors in the record. State ex rel. Domjancic v.Indus. Comm. (1994), 69 Ohio St.3d 693; State ex rel. Moss v.Indus. Comm. (1996), 75 Ohio St.3d 414; State ex rel.Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167.
 {¶ 16} In mandamus, the issue before the court is whether the commission cited "some evidence" to support its decision and provided a brief explanation of the medical and nonmedical factors that permit or preclude sustained remunerative employment. See State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203. The commission, as the finder of fact, has sole authority to determine the credibility and weight of evidence, and an order supported by "some evidence" will be upheld in mandamus regardless of whether the record includes other evidence, greater in quantity and/or quality, that supports the contrary decision. State ex rel. Pass v. C.S.T. Extraction Co.
(1996), 74 Ohio St.3d 373.
 {¶ 17} In a PTD analysis, the question of current skills is relevant, but a lack of such skills is not dispositive because the commission must consider whether the claimant can learn to perform some other work in the future. State ex rel. Ewart v.Indus. Comm. (1996), 76 Ohio St.3d 139, 142 ("A permanent total disability compensation assessment examines both claimant's current and future, i.e., potentially developable, abilities."). The commission is within its discretion to conclude that a claimant who can read and write, even if not well, can be trained to perform entry-level work. State ex rel. West v.Indus. Comm. (1996), 74 Ohio St.3d 354.
 {¶ 18} With respect to current skills, the commission also has discretion to conclude that a lack of skills is attributable to the claimant's lack of efforts in vocational rehabilitation during the years since the injury. State ex rel. Bowling v.Natl. Can Corp. (1996), 77 Ohio St.3d 148; State ex rel. B.F.Goodrich Co. v. Indus. Comm. (1995), 73 Ohio St.3d 525. The Ohio Supreme Court has made clear that PTD is compensation of the last resort, to be awarded when the claimant's efforts at re-employment have failed. State ex rel. Wilson v. Indus. Comm.
(1997), 80 Ohio St.3d 250.
 {¶ 19} With respect to work history, the commission has broad discretion as the finder of fact. Some features of a work history may not appear to be significant assets but may nonetheless be viewed as positive factors. For example, staying at one job for many years may be viewed as an asset (showing steadiness and dependability) or a disadvantage (showing narrowness of experience and skills). Ewart, supra. Thus, the court has upheld the commission's discretion to infer positive qualities such as dependability from past employment. See id. at 142.
 {¶ 20} Here, claimant argues that the commission abused its discretion in finding that her work history demonstrated adaptability and an ability to interact with people. Claimant's position is that, although she may have demonstrated these characteristics in the past, her allowed psychological conditions have significantly reduced her adaptability and interpersonal abilities, which is supported by the opinions of Drs. Marzella, Tosi, and Querry.
 {¶ 21} However, the commission did not choose to rely on those experts with regard to claimant's psychological impairment but rejected their opinions, which was within its discretion.State ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575;State ex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250. The commission found the report of Dr. Litvak more persuasive, which it was entitled to do, and it therefore had no duty to view claimant's vocational capacity in light of the deficits identified by Drs. Tosi, Marzella or Querry, whose opinions were not adopted. Further, although claimant points to symptoms recited by Dr. Litvak, Dr. Litvak nonetheless concluded that there were no significant psychological impairments. Moreover, he set forth no work-related restrictions. Accordingly, the commission was not required to accept claimant's argument that she sustained a significant impairment to her adaptability and interpersonal abilities as a result of the allowed conditions.
 {¶ 22} Further, on her application, claimant stated that she could read, write, and do basic math, and she noted a variety of work experience. The commission was within its discretion to conclude that claimant's literacy and math skills, together with her experience and adaptability, were sufficient to permit her to learn an entry-level job. West, supra. The commission was not required to identify other transferable skills. Ewart, supra.
 {¶ 23} In addition, the commission noted that claimant had not made efforts toward vocational rehabilitation during her many years of unemployment. See Bowling; B.F. Goodrich; Wilson,
supra. Claimant argues, however, that the commission failed to make an explicit finding that vocational rehabilitation was feasible during those years. The magistrate acknowledges that one would not expect an injured worker to engage in training or educational efforts during periods where rehabilitation was not possible due to medical restrictions, surgeries, etc.
 {¶ 24} However, in the present claim, the commission set forth more than one basis for its decision. First, the commission relied on claimant's current possession of basic skills and adaptability to support its conclusion that she could learn a sedentary job in the future. That rationale was within the commission's discretion, as discussed above. The second and additional rationale related to her failure to develop skills in the past, since her injury. The magistrate concludes that, because the first rationale was within the court's discretion and was sufficient to support its decision, the insufficiency of its additional rationale, if any, does not warrant the issuance of an extraordinary writ.
 {¶ 25} Last, the magistrate notes claimant's argument that the commission failed to rely on the I.Q. testing administered by claimant's expert. However, the magistrate is aware of no authority for the proposition that the commission has a duty to rely on vocational testing performed by claimant's expert, or any expert. Cf. Bell, supra. See, also, State ex rel. Ellis v.McGraw Edison Co. (1993), 66 Ohio St.3d 92 (stating that the commission was not required to accept the vocational report of its own expert).
 {¶ 26} Based on the foregoing, the magistrate concludes that claimant has not met her burden of proof in mandamus and recommends that the court deny the requested writ.
 /s/ P.A. Davidson
P.A. DAVIDSON MAGISTRATE