THE STATE EX REL. EWART, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Ewart v. Indus. Comm.* (1996), 76 Ohio St.3d 139.]

(No. 94–1688—Submitted May 21, 1996—Decided July 24, 1996.)

140

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Hahn & Swadey and Victor Hahn, for appellant.

Betty D. Montgomery, Attorney General, and William McDonald, Assistant Attorney General, for appellee Industrial Commission.

Weiner & Suit Co., L.P.A., and Thomas S. Amato, for appellee Refiners Transport and Terminal.

Per Curiam. Claimant seeks to compel a finding of permanent total disability compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. For the reasons to follow, we uphold the commission's order.

The commission found that claimant's high school education, work history and above-average learning and verbal skills favored the acquisition of new skills that could enhance claimant's re-employment prospects. Based on the same data, however, the W.O. Walker Industrial Rehabilitation Center found claimant to be a poor rehabilitation candidate. Claimant argues that the commission abused its discretion in accepting the findings, but not the conclusion, of its rehabilitation center.

The commission may reject the conclusion of a rehabilitation report and draw its own conclusion from the same nonmedical information. See State ex rel. Rodriguez v. Indus. Comm. (1993), 67 Ohio St.3d 210, 616 N.E.2d 929. "To bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to [State ex rel.] Stephenson [v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946]." State ex rel. Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 165.

The freedom to independently evaluate nonmedical factors is important because nonmedical factors are often subject to different interpretation. We have already recognized this fact with regard to age and education. As stated in Ellis:

"The commission exercised its prerogative in concluding that, at age fifty-one, claimant was young, not old, and that his age was a help, not a hindrance. So,

too, is the conclusion with regard to claimant's education, which also derives support from the record. More so than claimant's age, his education can be interpreted as either an asset or a liability. While his grade school level spelling and below-average reading ability clearly can be perceived negatively, the same rehabilitation report that determined these academic skills to be a limitation nonetheless concluded that his high school education was an asset. The commission was persuaded by the latter conclusion." *Id.* at 94, 609 N.E.2d at 165–166.

The same can be said in this case with regard to claimant's work history. Claimant worked for Refiners Transport and Terminal as a trucker for twenty-two years. Claimant's long tenure can be viewed negatively because it prevented the acquisition of a broader range of skills that more varied employment might have provided. It also, however, suggests a stable, loyal and dependable employee worth making an investment in. This is an asset and is an interpretation as valid as the first.

Claimant's lack of transferable skills also does not mandate a permanent total disability compensation award. A permanent total disability compensation assessment examines both claimant's current and future, *i.e.,* potentially developable, abilities. An absence of transferable skills is germane to this inquiry. However, as the appellate court referee observed, "the nonexistence of transferable skills from relator's truck driving experience would not be of critical importance when the issue becomes whether the claimant can be retrained for another occupation."

The commission did not, therefore, abuse its discretion in viewing claimant's education, work history and skills favorably. The commission's explanation in this case is found to satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, negating claimant's request for *Gay* relief. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 641 N.E.2d 197.

Claimant lastly argues that the commissioners' internal voting sheet demonstrates that the commission "really" based its decision on medical evidence only, without considering claimant's nonmedical background. This contention is unpersuasive. The commission speaks through its orders, not internal memoranda. *State ex rel. Yellow Freight System, Inc. v. Indus. Comm.* (1994), 71 Ohio St.3d 139, 642 N.E.2d 378. The commissioners signed and approved the permanent total disability compensation order, thereby ratifying the reasoning contained within it. The order, therefore, represents the commission's reasons for denial.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.
DOUGLAS and RESNICK, JJ., dissent.