[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 673.]

THE STATE EX REL. NORTHFIELD PARK ASSOCIATES, APPELLEE, *v.* OHIO

BUREAU OF WORKERS' COMPENSATION ET AL., APPELLANTS.

[Cite as *State ex rel. Northfield Park Assoc. v. Ohio Bur. of Workers' Comp.*,

**1999-Ohio-293.**]

*Mandamus directing Ohio Bureau of Workers' Compensation to vacate its order*
*assessing various premiums to Northfield Park Associates and to issue an*
*order recalculating the underlying merit rate—Limited writ ordering*
*bureau to grant, deny, or dismiss the petition and to explain the reasons for*
*the decision affirmed.*

(No. 97-192—Submitted May 26, 1999—Decided June 23, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD12-1660.

—————————

*Elliott P. Geller*, for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman*,
Assistant Attorney General, for appellants.

—————————

***Per Curiam.***

{¶ 1} Northfield Park Associates ("Northfield Park"), appellee, requested a
writ of mandamus directing appellant Ohio Bureau of Workers' Compensation
("BWC") to vacate its order assessing various premiums to Northfield Park and to
issue an order recalculating the underlying merit rate. The Franklin County Court
of Appeals found that BWC's premium assessment could not be attacked in
mandamus because BWC had not formally ruled on Northfield Park's pending
petition for an R.C. 4121.23 hearing. The court of appeals therefore granted a
limited writ of mandamus ordering BWC to grant, deny, or dismiss Northfield
Park's petition and to explain the reasons for its decision. BWC appeals as of right.

**{¶ 2}** In 1995, Northfield Park protested BWC's premium assessment before the BWC adjudicating committee and then appealed to the Ohio Workers' Compensation Board Subcommittee. On September 1, 1995, amendments to R.C. Chapter 4121 effectively abolished the Ohio Workers' Compensation Board and replaced the board subcommittee appeal with an appeal to BWC's "administrator or his designee." On October 2, 1995, Northfield Park filed a petition for hearing before the BWC pursuant to R.C. 4121.23, which provides, in part:

"Any employer or other person interested either because of ownership in or occupation of any property affected by any order of the bureau of workers' compensation, or otherwise, may petition for a hearing on the reasonableness and lawfulness of any bureau order."

**{¶ 3}** BWC did not issue a formal order granting, denying, or dismissing this petition. Instead, on October 11, 1995, the adjudicating committee's secretary advised Northfield Park by letter that "all [its] administrative remedies ha[d] been exhausted," that "the Bureau ha[d] made its final determination," that "no further administrative hearings w[ould] be granted, and that "to pursue this matter further [Northfield Park] must file a mandamus action through the courts."

**{¶ 4}** BWC argues that R.C. 4121.23 does not afford any further administrative review at this stage of BWC's proceedings; however, we agree with the court of appeals that the secretary's letter is no substitute for this agency's order. Like the Industrial Commission of Ohio, BWC speaks on adversarial issues only through its orders. *State ex rel. Ewart v. Indus. Comm.* (1996), 76 Ohio St.3d 139, 142, 666 N.E.2d 1125, 1128. Neither this court nor the court of appeals can review an order that has yet to be rendered.

**{¶ 5}** The court of appeals' judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1999

_____