MEMORANDUM DECISION
Relator, John C. York, has filed this original action in mandamus requesting the court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that denied his application for permanent total disability ("PTD") compensation and to enter an order finding relator to be entitled to PTD compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District. The magistrate has rendered a decision, including findings of fact and conclusions of law and has concluded the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision, rearguing those matters that were adequately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, relator's objections are overruled.
Relator was injured on June 28, 1999, while in the employ of respondent Century Construction, Inc., and his claim was allowed for "aggravation of lumbar spinal stenosis lateral recess syndrome, disc bulge L3-4 L5-S1, herniated lumbar disc L5-S1." In October 1996, relator filed an application for PTD compensation. He was later examined by commission specialist and orthopedic surgeon, Dr. Wayne Amendt. Dr. Amendt concluded that relator was not able to resume his previous type of work activity but he could engage in some form of sustained remunerative work activity. The commission also requested an employability assessment and a report was rendered by Bruce Growick, Ph.D. The employability assessment, while somewhat equivocal with respect to relator's future ability to develop skills for "new" jobs, was generally favorable to future remunerative employment within relator's physical limitations as found by Dr. Amendt.
The magistrate, in our view, correctly postured the basic issues in the case as (1) whether Dr. Amendt's report with respect to a conclusion that relator was capable of performing light work was consistent with the findings relating to his physical limitations, and (2) whether the commission's analysis of non-medical factors complied with State ex rel. Noll v. Indus.Comm. (1991), 57 Ohio St.3d 203. The magistrate based upon the record, concluded that Dr. Amendt's assessment regarding relator's ability to perform light work and the commission's analysis of non-medical factors, in compliance with Noll, combined to be adequate evidence upon which the commission could deny the consideration of PTD compensation.
While the magistrate quite appropriately recognized that relator was relying upon a report from a vocational expert, William Cody, in which Cody criticized the Growick vocational report, the magistrate correctly concluded that the commission is the ultimate expert with respect to the interpretation and weight to be given non-medical or vocational evidence and it is not critical that the commission accept vocational reports in their decision making process. See State ex rel. Jackson v. Indus. Comm.
(1997), 79 Ohio St.3d 266. The magistrate was therefore correct in concluding that it was within the commission's discretion, in making its own analysis of non-medical factors, to rely upon the Growick vocational report in conjunction with the earlier medical report of Dr. Amendt. And the magistrate, in reviewing the issue surrounding the consideration of non-medical factors significantly noted that while relator's educational status may be a barrier to re-employment in occupations involving semi-skilled and skilled work, it would not prevent him from performing unskilled entry level work. Therefore, the commission's finding that relator could educationally be qualified for unskilled entry level work was supported by the evidence of record.
As we have already stated, the general objections to the magistrate's decision have been adequately addressed in the magistrate's decision itself. However, we would point out that the general evidentiary contentions of relator are matters that fall within the broad discretion of the commission when considering decisions relating to PTD compensation. See State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165; State ex rel. Aspinwallv. Indus. Comm. (1988), 40 Ohio St.3d 55; and State ex rel. Bellv. Indus. Comm. (1995), 72 Ohio St.3d 575. While relator questions the validity of the employability assessment by Growick, any reasonable interpretation of the Growick report permits the conclusion that relator's work history, being steady and consistent was an asset regarding future employment and retraining. As stated in State ex rel. Ewart v. Indus. Comm.
(1996), 76 Ohio St.3d 139, 142:
 "[c]laimant's lack of transferable skills also does not mandate a permanent total disability compensation award. A permanent total disability compensation assessment examines both claimant's current and future, i.e.
potentially developable abilities. An absence of transferable skills is germane to this inquiry. However, as the Appellate Court referee observed, `the non-existence of transferable skills for relator's truck driving experience would not be of critical importance when the issue becomes whether the claimant can be retrained for another occupation.'"
Following an independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. For reasons already stated, the objections of relator are overruled. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Therefore, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BRYANT and PETREE, JJ., concur.