DECISION
{¶ 1} Relator, Louis B. Lytell, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied his application for permanent total disability compensation, and to issue an order granting such compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator argues that the commission abused its discretion in concluding that his high school diploma was an education asset because much of his time was spent in special education classes. The staff hearing officer found, however, that, despite this claimed limitation on his education, relator himself indicated an ability to read, write and do basic math. Relator had sufficient skills to be trained to serve as a volunteer firefighter. Therefore, there was some evidence to support the commission's finding that his high school education was an asset. Relator also objects to the commission's finding that his work history is an asset, as he argues he has no transferable skills. While relator may not presently have skills that are immediately transferable to sedentary employment, his ability to perform semi-skilled jobs and to be trained to act as a volunteer firefighter, shows an ability to be retrained to perform sedentary employment. In essence, relator is simply rearguing the same facts that have already been considered and rejected by both the commission and the magistrate.
 {¶ 4} Upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own and relator's objections are overruled. The requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
PETREE, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 5} In this original action, relator, Louis B. Lytell, seeks a writ of mandamus compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for compensation for permanent total disability ("PTD") and to issue an order granting the application.
Findings of Fact:
 {¶ 6} 1. In 1984, Louis B. Lytell ("claimant") sustained an industrial injury, and his workers' compensation claim was allowed for a cut of the right hand. In 1986, he sustained injuries including a severe left knee sprain, dislocation of the left knee with possible fracture, right knee sprain, lumbar sprain, and right wrist sprain. The latter claim was additionally allowed for degenerative joint disease of the left knee and depressive neurosis.
 {¶ 7} 2. Claimant participated in various rehabilitation programs through the Bureau of Workers' Compensation, including physical and vocational rehabilitation. His treating psychologist, Joseph Edwards, Ph.D., noted that claimant worked with the Bureau of Vocational Rehabilitation for a period of time.
 {¶ 8} 3. Claimant had surgeries on his left knee, including a patellectomy, and he must wear a knee brace for support.
 {¶ 9} 4. In September 2000, claimant filed a PTD application, indicating that he was 51 years old and graduated from high school in 1970.
 {¶ 10} 5. In December 2000, claimant was examined on behalf of the commission by Oscar Sterle, M.D., who concluded that claimant could perform sustained remunerative employment within restrictions. On an accompanying form, Dr. Sterle indicated that claimant could lift up to ten pounds for up to five hours and could lift up to 20 pounds for up to three hours. Limited standing and walking were permitted, but Dr. Sterle prohibited climbing, kneeling, operating foot controls, and reaching to the floor or knee level. He found that claimant could occasionally reach overhead and at waist level and handle/grasp/turn objects using his upper extremities. Dr. Sterle estimated 9% impairment based on the allowed physical conditions.
 {¶ 11} 6. In December 2000, claimant was examined on behalf of the com-mission by Robert Byrnes, Ph.D., who found that claimant could return to work with no restrictions based on the psychological conditions.
 {¶ 12} 7. In April 2001, a PTD hearing was held, and claimant submitted high school transcripts and testified that he was in special education classes. Claimant also submitted a 1999 report from Erica Brown, who found that claimant's intelligence was in the low average range and that he would have "a great deal of difficulty succeeding in any advanced educational environment at this time." She opined that claimant was a functional reader but that his reading was "far from college level" and concluded that his strengths were with visual, hands-on types of tasks.
 {¶ 13} 8. In May 2001, the staff hearing officer ("SHO") rendered a decision relying on Drs. Sterle and Byrnes in concluding that claimant was medically capable of performing some sustained remunerative employment. The SHO then considered the vocational factors and concluded as follows:
 {¶ 14} "Claimant is 51 years of age with a high school education. Claimant has furthered his education by receiving fire fighter training in order to be a volunteer fireman. Claimant indicates on the IC-2 Application on file his ability to read, write and do basic math. Claimant's work history consists of working for approximately one year as a maintenance man for the above stated employer but also worked as a laborer/extruder operator for two other employers for approximately 16 years making steel bars for one of them while sizing ad shaping plastic parts for the other one.
 {¶ 15} "Miss Burke and Mr. Ruth performed a vocational evaluation of the Claimant on behalf of the Claimant. Upon reviewing the Claimant's work history, age and education, both found no work experience which would transfer to sedentary work. On the other hand, Mr. Kontosh performed a vocational evaluation of the Claimant on behalf of the Industrial Commission. Upon reviewing the Claimant's work history, age and education, he is of the opinion that the Claimant is not precluded from engaging in sustained remunerative employment and possesses the ability to perform various occupations. The Staff Hearing Officer concurs with Mr. Kontosh's opinion and finds that Claimant's non-medical disability factors do not have a negative impact on Claimant's ability to work or be retrained, but rather are to be viewed as somewhat positive factors from a vocational standpoint.
 {¶ 16} "As indicated before, the Staff Hearing Officer finds that the Claimant's age is a positive factor, as the Claimant's age of 51 leaves approximately 15 years of working life ahead of him.
 {¶ 17} "The Staff Hearing Officer finds that the Claimant's education is also a positive factor. The Claimant's high school education plus his training to be a volunteer firefighter in and of itself may not necessarily provide Claimant with present time skills, but is evidence and suggests that Claimant would have the ability to learn new skills conductive to at least sedentary work or entry-level positions. Furthermore, the Staff Hearing Officer finds that Claimant's high school education in and of itself does not indicate a lack of intellectual ability to be retrained as Claimant indicated on his IC-2 Application on file his ability to read, write and do basic math.
 {¶ 18} "Furthermore, the Claimant's work history is also a positive factor. The Claimant working primarily the bulk of his career is a laborer/extruder operator, but also a maintenance worker indicates employment in occupations ranging primarily as semi-skilled occupations which indicates and suggests that the Claimant has the skills and qualifications to perform other occupations or at least be retrained to perform other occupations, i.e. entry level sedentary work based upon his prior education and work history.
 {¶ 19} "Therefore, based upon the limited physical restrictions as indicated by Dr. Sterle and Dr. Byrnes who indicates that Claimant can perform at least sedentary work, along with Claimant's relatively semi-skilled work history and high school education on a whole, finds said non-medical disability factors favor re-employability or that the Claimant can at least be retrained to perform other occupations and is therefore not permanently and totally disabled and is not precluded from all sustained remunerative employment."
 {¶ 20} 9. Claimant requested reconsideration, and the commission ordered that a hearing would be held to determine whether there was a mistake in the SHO order sufficient to invoke continuing jurisdiction and modify the PTD order.
 {¶ 21} 10. Following a hearing, the commission ruled in March 2002 that claimant has not established grounds for modifying the SHO order.
Conclusions of Law:
 {¶ 22} In this action, claimant contends that the commission abused its discretion in denying PTD compensation. Specifically, claimant argues that the commission abused its discretion in finding that his completion of high school and his work history were "somewhat positive factors from a vocational standpoint."
 {¶ 23} In regard to the completion of high school, the Ohio Supreme Court has ruled that the commission may view the possession of a high school diploma as an asset even where the claimant's test results show academic abilities at the grade-school level. State ex rel. Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92.
 {¶ 24} A claimant's work history is also subject to interpretation, and factors that do not appear to be assets may nonetheless be viewed as positive factors. In State ex rel. Ewart v. Indus. Comm. (1996), 76 Ohio St.3d 139, the court observed that performing only one job for many years may be viewed as an asset (showing steadiness and dependability) or as a disadvantage (showing narrowness of experience and skills). The court established that the commission has discretion to view a claimant's work history as indicative of positive traits even when transferable skills did not result. Id.
 {¶ 25} Here, the commission concluded that claimant's history had demonstrated his ability to learn skills through training. In former jobs, he had been trained to perform semi-skilled work, and he had also been trained as a volunteer fireman. From these facts, the commission reasoned that claimant had the capacity to be trained to perform semi-skilled work. That rationale is not outside the boundaries of discretion that may be exercised by the finder of fact. See, generally, State ex rel. Burley v. Coil Packing, Inc. (1987),31 Ohio St.3d 18.Questions of credibility and the weight to be given to evidence are for the commission to determine in its sole discretion. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165. In mandamus, the court must uphold a commission order supported by "some evidence" regardless of whether the record includes other evidence, greater in quantity and/or quality, that supports the contrary decision. State ex rel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373.
 {¶ 26} The commission, as required by decisions such as Ewart and State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, considered claimant's potential to learn another job, and it stated a reasonable basis for its conclusion. See State ex rel. Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757. Accordingly, regardless of whether the court may believe that the positive aspects of the job history or education are "not particularly convincing," it cannot substitute its judgment for that of the finder of fact. State ex rel. Mobley v. Indus. Comm. (1997), 78 Ohio St.3d 579, 584. See, also, State ex rel. King v. Trimble (1996), 77 Ohio St.3d 58, 63 (stating that although the evidence was "not particularly compelling to us," the court would not substitute its judgment for the commission's).
 {¶ 27} In summary, the magistrate concludes that the commission cited sufficient evidence and provided an adequate rationale to support its conclusion that claimant had the potential, in terms of his age, education, and past jobs, to retrain for sedentary employment and was therefore not permanently and totally disabled. Therefore, the magistrate recommends that the court deny the requested writ.