DECISION
{¶ 1} Relator, David Poole, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability compensation, and to enter an order granting said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a *Page 2 
decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision. In his objections, relator essentially sets forth the same arguments he raised before the magistrate; specifically, relator contends that the commission failed to properly consider his ability to perform any sustained remunerative employment, and relator also cites the lack of a vocational report in the record, arguing that the commission therefore could not conduct a proper non-medical analysis. The magistrate, however, considered those arguments and rejected them. Upon review, we agree with the magistrate's reasoning and analysis that there is some evidence upon which the commission could find relator is capable of sustained remunerative employment, and that the commission, as the ultimate evaluator of non-medical factors, was not required to rely upon a vocational report in making its determination.
 {¶ 4} After an examination of the magistrate's decision, as well as an independent review of the evidence, we overrule relator's objections to the magistrate's decision, finding that the magistrate sufficiently discussed and determined the issues raised by relator. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
 BRYANT and TYACK, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 5} In this original action, relator, David Poole, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation and to enter an order granting said compensation. *Page 4 
Findings of Fact: {¶ 6} 1. On May 30, 2002, relator sustained an industrial injury while employed as a laborer for respondent Grasan Equipment Company, Inc. The industrial claim is allowed for "contusion shoulder region left; contusion of hip left; abrasion left forearm; sprain lumbosacral; contusion shoulder region right; arthropathy shoulder right; aggravation of pre-existing degenerative joint disease L4-5 and L5-S1," and is assigned claim number 02-826135.
 {¶ 7} 2. On February 9, 2006, relator filed an application for PTD compensation. In support, relator submitted a report dated November 28, 2005, from Michael R. Viau, M.D., stating:
 * * * David has been seen by myself for an extended period of time, since 1/29/03 with a diagnosis at that time of severe degenerative disc disease with moderately severe spinal stenosis at L4, 5 and L5, S1. He's been treated conservatively over the years with various medications but really has been reluctant to consider the possibility of surgery which certainly is one choice but even with surgery I cannot guarantee results. * * *
 It is my opinion that this man will not improve and that the natural history of his condition would be either that he stay the same or gradually become worse in regards to either back pain and/or radicular leg pain and I expect difficulty for him to stand or walk any distance as well. I do feel that short of any surgical intervention that his condition is permanent. Again I feel that this condition restricts him from any activity requiring standing, walking, bending, lifting, in short he's extremely limited to anything other than very sedentary activity and I base my opinion on his physical findings, history and MRI findings.
 {¶ 8} 3. On May 4, 2006, at the commission's request, relator was examined by James H. Rutherford, M.D. In his report dated May 5, 2006, Dr. Rutherford states: *Page 5 
 * * * It is my medical opinion that Mr. Poole has an 8% permanent partial impairment of the whole person as a result of all the claim allowances of Claim #02-826135. * * *
 * * * Based only on the orthopedic claim allowances of Claim #02-826135 and the orthopedic evaluation related to those claim allowances, it is my medical opinion that Mr. David L. Poole is capable of sedentary work activities, and I've indicated this on the Physical Strength Rating Form. Mr. Poole can do sedentary activities with occasional standing and walking. He can occasionally lift up to 10 lbs. he can do no repetitive stooping or bending, and he can do no climbing or crawling for work activity. He can drive for his own transportation, but he cannot drive heavy equipment. * * *
 {¶ 9} 4. Following an August 1, 2006 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO's order states:
 This order is based on the 5/15/2006 [sic] report of Dr. Rutherford.
 The claimant was injured on 5/30/2002 after he lost his balance on a platform and stepped off the edge. The claimant sustained contusions to his left shoulder, left hip, left forearm, and right shoulder. The claim is also recognized for a lumbosacral sprain, arthropathy of the right shoulder and aggravation of pre-existing degenerative joint disease at the L4-5 and L5-S1 levels. No surgeries have been performed in this claim.
 Dr. Rutherford examined claimant and issued a report dated 5/15/2006 [sic]. Dr. Rutherford assigned an eight percent whole person impairment to the claimant and completed a physical strength rating report. Dr. Rutherford indicated the claimant can perform sedentary work with no repetitive stooping, or bending, no climbing ladders, or crawling.
 The Hearing Officer finds Dr. Rutherford's opinion is supported by his findings upon physical examination. Dr. Rutherford's opinion is adopted and the Hearing Officer concludes the claimant retains the ability to perform sedentary work.
 Sedentary work is defined as follows: *Page 6 
 Exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
 It is appropriate to review the claimant's non-medical disability factors to determine if the claimant is able to perform work consistent with Dr. Rutherford's recommendation.
 After reviewing the claimant's age, education, and work experience, the Hearing Officer concludes the claimant retains the ability to engage in sustained remunerative employment.
 The claimant is 59 years of age. Although this claimant is not a younger individual, age alone is never a bar to employment.
 The claimant has completed eleven years of formal education. The claimant reported on the IC-2 application that he discontinued his schooling to go to work. The claimant also reports on the IC-2 application that he can read and perform basic math.
 The Hearing Officer finds that eleven years of formal education, coupled with claimant's ability to read and perform basic math is sufficient for the performance of basic tasks associated with entry-level sedentary work.
 The claimant has worked a variety of labor positions, but he was able to ascend to a supervisory role. The claimant has worked as a laborer with heavy equipment, including operating trucks.
 The claimant reported on the work history report that while working at Terry More, Incorporated, that he completed written reports and also supervised twenty people.
 Clearly, the claimant has demonstrated his ability to supervise, control, and direct others. *Page 7 
 The claimant's completion of eleven years of formal education and his ability to complete reports and supervise others, the Hearing Officer finds the claimant retains the ability to perform sedentary work within Dr. Rutherford's restrictions.
 Based on the above listed physical capacities and non-medical disability factors, the Hearing Officer finds that the claimant's disability is not total and that the claimant is capable of engaging in sustained remunerative employment, or being retrained to engage in sustained remunerative employment.
 Therefore, the claimant's request for an award of permanent and total disability benefits is denied.
 {¶ 10} 5. On October 6, 2006, relator, David Poole, filed this mandamus action.
Conclusions of Law: {¶ 11} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 12} In State ex rel. Libecap v. Indus Comm. (Sept. 10, 1996), Franklin App. No. 96AP-29, affirmed (1998), 83 Ohio St.3d 178, the commission denied PTD compensation based upon medical reports from William G. Littlefield, M.D., and Giovanni M. Bonds, Ph.D. The commission also found that the claimant was capable of sedentary work. Comparing Dr. Littlefield's restrictions to the commission's definition of sedentary work, this court, in Libecap, determined that Dr. Littlefield's limitations were not consistent with the definition of sedentary work. Accordingly, this court, in Libecap, issued a limited writ of mandamus to the commission.
 {¶ 13} Citing Libecap, relator argues that his medical restrictions do not even permit sedentary work. However, relator's argument is premised upon the report of Dr. Viau upon which the commission did not rely. *Page 8 
 {¶ 14} Given that the commission relied exclusively upon the report of Dr. Rutherford, relator's argument, premised upon Dr. Viau's report, must fail.
 {¶ 15} Moreover, even if relator had argued here that Dr. Rutherford's report cannot support the commission's determination that relator is capable of sedentary work, that argument would fail. Clearly, Dr. Rutherford's report is consistent with the commission's determination that relator is capable of sedentary work.
 {¶ 16} Relator also seems to suggest that the commission's nonmedical analysis cannot stand because there is no vocational report to support it. Relator's suggestion is incorrect. Because the commission is the expert on the nonmedical factors, the commission need not rely upon a vocational report. State ex rel. Jackson v. Indus. Comm. (1997),79 Ohio St.3d 266, 271.
 {¶ 17} Relator also seems to suggest that the commission's nonmedical analysis is flawed because the commission did not find that relator had acquired any skills from his prior employment that are transferable to sedentary employment. This suggestion is also incorrect.
 {¶ 18} Ohio Adm. Code 4121-3-34 sets forth the commission's rules for the adjudication of PTD applications. Ohio Adm. Code 4121-3-34(B) sets forth some definitions.
Ohio Adm. Code 4121-3-34(B)(3)(c)(iv) states:
 "Transferability of skills" are skills which can be used in other work activities. Transferability will depend upon the similarity of occupational work activities that have been performed by the injured worker. Skills which an individual has obtained through working at past relevant work may qualify individuals for some other type of employment. *Page 9 
 {¶ 19} In State ex rel. Ewart v. Indus. Comm. (1996),76 Ohio St.3d 139, 142, the court states that "[claimant's lack of transferable skills also does not mandate a permanent total disability compensation award." This is particularly so where the commission finds that the PTD applicant is capable of being retrained for another occupation. Id. Here, the SHO's order of August 1, 2006, finds that relator is capable of "being retrained to engage in sustained remunerative employment." Accordingly, that relator may lack skills that are transferable to sedentary employment does not flaw the commission's nonmedical analysis.
 {¶ 20} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 KENNETH W. MACKE, MAGISTRATE. *Page 1